IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY EARL BROWN, | § | |
|     Petitioner, | § | No. 3:22-cv-01066-M |
| | § | |
| v. | § | *Consolidated with*: |
| | § | 3:22-cv-01067-M |
| BRYAN COLLIER, | § | 3:22-cv-01068-M |
|     Respondent. | § | 3:22-cv-01069-M |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Roy Earl Brown, a Texas prisoner, filed four *pro se* petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion requesting an extension of time to file his federal habeas claims. The District Court consolidated the petitions into one case and referred the matter to the undersigned United States Magistrate Judge (ECF No. 7). For the following reasons, the District Court should DENY Brown's request for an extension (ECF No. 5) and DISMISS his claims as barred by limitations.

I.

On January 24, 1997, Brown was convicted on three counts of assault on a public servant and one count of second-degree robbery in the 292nd Judicial District Court in Dallas County, Texas. Pet. 2 (ECF No. 3); *see also* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03559409 (last visited June 22, 2022). He was sentenced to forty years' imprisonment. *Id.* Brown did not file a direct appeal. Pet. 3 (ECF No. 3).

Instead, he pursued habeas relief in state and federal court. On November 3, 2020, he filed a federal habeas petition under 28 U.S.C. § 2254 (Case No. 3:20-cv-3305-S), which the court dismissed without prejudice because he failed to exhaust his state court remedies. And thereafter, on April 26, 2021, he filed his first state habeas application, *see* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited June 22, 2022), which the Texas Court of Criminal Appeals (CCA) denied without a written order on May 5, 2021. *Id.* Then, on December 17, 2021, Brown filed a second state habeas application, which the CCA dismissed on January 5, 2022. *Id.* Brown filed the four federal petitions consolidated in this action on April 28, 2022.[1] (ECF No. 3.)

II.

Under Rule 4 of the Rules Governing Section 2254 Cases, a court should conduct a preliminary review of a petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (2254 Rules). To avoid summary dismissal, a petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule

---

[1] Brown signed and dated his petition April 28, 2022, but the Court did not receive it until May 12, 2022. Pet. 12 (ECF No. 3.) The Court will consider the petition filed as of the earlier date. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (*pro se* habeas petition deemed filed when delivered to prison authorities for mailing).

4, advisory committee note (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Under Rule 4, a court reviews the pleadings and exhibits before it to determine whether any right to relief is implicated. If not, the court must dismiss the petition.

### III.

Brown's claims challenging his 1997 convictions for assault on a public servant and second-degree robbery are time-barred.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).

Here, the state court entered judgment on Brown's convictions for assault on a public servant and second-degree robbery on January 24, 1997. Because he did not file a direct appeal, his convictions became final on February 24, 1997, thirty days after the date of his judgment and sentence. *See* Tex. R. App. P. 26.2(a)(1) (including the time limits for properly filing a notice of appeal). Brown then had one year, until February 24, 1998, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). But he did not file his petitions

3

in this Court until April 28, 2022, more than twenty-four years after the deadline expired. Brown's claims are therefore untimely.

Brown filed state habeas applications on April 26, 2021 and December 17, 2021, but those applications did not toll his limitations period because they were filed more than one year after his convictions became final and the limitations period had expired. *See Flores v. Quarterman,* 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period).

B.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary

4

way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In his motion for an extension of time, Brown argues that when he was attempting to mail out his four federal habeas petitions on April 28, 2022, the prison mailroom "illegally held" his legal documents for sixteen days. Mot. 1 (ECF No. 5). Brown claims that he was not notified about what had happened to his mail until May 4, 2022. He concludes that he hopes the Court will grant his motion seeking additional time. Although the form federal habeas petition Brown used states, "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition," Pet. 11 (ECF No. 3), Brown did not elaborate on the reasons why his claims are not time-barred.

Brown's argument for equitable tolling fails because even if the prison mailroom held his four petitions for sixteen days, it had absolutely no impact on the fact that his petitions are untimely because they were filed twenty-four years late. Therefore, Brown cannot demonstrate that he diligently pursued his rights. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must demonstrate (1) he has been diligently

5

pursuing his rights, and (2) an extraordinary circumstance got in his way and prevented a timely filing) (citing *Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)*). Likewise, Brown has failed to demonstrate that some "extraordinary circumstance" stood in his way of timely filing his claims. *Id.* Indeed, he does not even allege that he acted to timely file his petition. *See* Pet. (ECF No. 3) "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009)* (quoting *In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)*).

Accordingly, Brown is not entitled to equitable tolling. *See Phillips, 216 F.3d at 511*.

## C.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)*. A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* Brown does not present an actual innocence argument. *See* (ECF No. 3).

IV.

The District Court should DENY Brown's motion for an extension of time (ECF No. 5) and DISMISS his petition as time-barred. *See* 28 U.S.C. § 2244(d).

**SO RECOMMENDED.**

Signed June 24, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

7